UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Brian Beaudry

    v.                                                                                  No. 24-cv-421-JL-AJ

United States of America

### REPORT AND RECOMMENDATION

Self-represented plaintiff Brian Beaudry has sued the United States, claiming that the Internal Revenue Service ("IRS") owes him a refund for several years during which he filed federal tax returns indicating an overpayment of taxes. See Compl. (Doc. No. 1). Presently before the court is the government's motion to dismiss (Doc. No. 14), which has been referred to the undersigned magistrate judge for a recommended disposition. See 28 U.S.C. § 636(b)(1)(B). As explained more fully below, the motion to dismiss should be granted because the court lacks subject matter jurisdiction over plaintiff's claim.

### Factual Background[1]

---

[1] The court takes the background facts from Mr. Beaudry's complaint and attached documents. See, See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (noting that courts may consider documents attached to a complaint when ruling on a motion to dismiss).

Mr. Beaudry filed Form 1040 returns for tax years 2018-2023. According to the returns, copies of which he has appended to his complaint, Mr. Beaudry's adjusted gross income for each of those tax years was zero. The returns also reflect that various amounts ranging from $54,317 to $136,187 were "withheld from" either Form W-2 or Form 1099 issued to him in each of those years.[2] The "withheld" amount in each return is re-entered as an overpayment for which a refund is due. In total, Mr. Beaudry seeks $454,213.95, -- the amount of the claimed overpayments -- as well as interest.

## Legal Standard

The government asserts two bases for dismissal. First, invoking Fed. R. Civ. P. 12(b)(1), it alleges that the court lacks subject matter jurisdiction because Mr. Beaudry failed to "duly file" an administrative request for a refund before filing suit, as required by 26 U.S.C. § 7422(a). In the alternative, the government argues that Mr. Beaudry has failed to set forth a plausible claim for relief, warranting dismissal under Fed. R. Civ. P. 12(b)(6). The court turns first to the government's jurisdictional argument. See Ne. Erectors Ass'n of BTEA v. Sec'y

---

[2] With respect to withholding, the attached 1040 Forms in tax years 2018 and 2019 ask for "Federal income tax withheld from Forms W-2 and 1099," while the remainder refer solely to "Form(s) W-2." The corresponding W-2 and/or 1099 forms are not attached to the complaint.

2

of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995) ("When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first.").

A motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction may raise either a facial challenge (where the moving party asserts that the complainant's allegations are insufficient on their face to state a basis for federal jurisdiction) or a factual challenge (where the moving party argues that the court lacks jurisdiction as a matter of fact). See Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 n. 8 (1st Cir. 2007) (citations omitted). Where, as here, the challenge is facial, the court presumes the truth of the jurisdictional facts alleged in the complaint. See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).

## Discussion

The government argues that this Court lacks subject matter jurisdiction over Mr. Beaudry's lawsuit because he failed to exhaust his available administrative remedies before bringing suit in federal court, as required by 26 U.S.C. § 7422(a). Mr. Beaudry responds that he exhausted his administrative remedies when he filed valid tax returns, which constitute "claims for credit or refund" under § 7422(a) and therefore satisfy §

3

7422(a)'s exhaustion requirement. Given the content of the returns at issue, the court is persuaded that the government is correct. Specifically, claims for refunds of withheld taxes supported by returns "replete with zeroes" as income is not a properly executed return. Waltner v. United States, 98 Fed. Cl. 737, 761 (2011), aff'd, 679 F.3d 1329 (Fed. Cir. 2012) (citing Hamzik v. United States, 64 Fed. Cl. 766, 768 (2005)). A more detailed discussion follows.

Congress has waived the United States' immunity from civil actions seeking to recover erroneously assessed taxes. 28 U.S.C. § 1346(a)(1). To fall within the scope of this waiver and sue in federal court, plaintiffs must first exhaust their administrative remedies by filing "a claim for refund or credit." 26 U.S.C. § 7422(a). Income tax returns and amended income tax returns, such as the ones Mr. Beaudry attached to his complaint, can constitute such a "claim for refund or credit," but only if they comply with applicable regulations. 26 C.F.R. § 301.6402-3(a)(5); 26 U.S.C. § 7422(a) (to establish federal jurisdiction, claims must comply with applicable "provisions of law . . . and . . . regulations"). Specifically, a legally compliant "claim," must be "properly executed" and must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof." 26 C.F.R. §§ 301.6402-3(a)(5); 301.6402-

4

2(b)(1). If Mr. Beaudry cannot demonstrate this, his returns "will not be considered for any purpose as [claims] for refund or credit" and he will not be entitled to sue in federal court. 26 C.F.R. § 301.6402-2(b)(1).

Mr. Beaudry cannot demonstrate his entitlement to sue. Courts have regularly held that tax returns reporting zero wages cannot serve as claims for refunds "because they fail to include information upon which a tax could be calculated." Kehmeier v. United States, 95 Fed. Cl. 442, 445 (2010) (citing Hamzik, 64 Fed. Cl. at 767). See also Denning v. Dep't of the Treasury, No. 323CV00149ARTCLB, 2024 WL 216551, at *2 (D. Nev. Jan. 18, 2024) (tax returns claiming zero income and hundreds of thousands of dollars in refunds "do not . . . set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to appraise the Commissioner of the exact basis thereof, . . . nor can they be considered 'properly executed,' in compliance with 26 C.F.R. § 301.6402-3(a)(5))"; Ulloa v. United States, No 1:06-CV-445 (NAM/RFT), 2008 WL 4186328, at *6 (N.D.N.Y. Sept. 9, 2008) (plaintiff did not have a valid refund claim when the tax return reported zero income and wages); Deyo v. Internal Revenue Service, No. Civ. 3:02CV 85(AVC), 2004 WL 2051217, at *3-4 (D. Conn. Aug. 2, 2004) (holding that tax return reporting zero income was not a valid tax return and could not serve as the jurisdictional prerequisite for a tax refund claim), aff'd, 134

5

Fed. Appx. 475 (2d Cir. 2005); Ruble v. U.S. Gov. Dep't of Treasury, 159 F. Supp. 2d 1381, 1383-84 (N.D. Ga. 2001) (because plaintiff's tax returns . . . included "a zero for her adjusted gross income, taxable income, and tax liability," they were "not properly executed tax returns that could constitute a refund claim."); Taylor v. United States, No. Civ. 00-823(TPJ), 2001 WL 721850, at *1-2 (D.D.C. Mar. 5, 2001) (holding that a return containing only zeros was not a valid income tax return and therefore the plaintiff did not have a valid refund claim); Maruska v. United States, 77 F. Supp. 2d 1035, 1039 (D. Minn. 1999) ("The Plaintiffs' return, replete with zeros in responses to all inquiries—except the amount of refund claimed—and containing no recitation of the Plaintiffs' wages or other income, is not a return for purposes of the tax laws."); Meissner v. United States, 136 Fed. Cl. 763, 776 (2018) (tax returns claiming "a tax liability of zero dollars, [and] alleg[ing] that no wages were received by plaintiffs, but report various amounts in federal withholdings . . . were neither proper returns, nor can they form the basis for valid refund claims in this court."); Gregoline v. United States, 99 Fed. Cl. 161, 166- 67 (2011) ("Tax returns that are filled out only with zeros do not contain sufficient financial information to be considered properly executed tax returns and cannot serve as a claim for a

refund with the IRS . . . ." and therefore "cannot form the jurisdictional basis for a tax refund claim.").

Mr. Beaudry offers no relevant legal authority to the contrary. While he quotes from and gives his interpretation of various regulations regarding "duly filed returns," see Pltf. Obj. (Doc. No. 19) at 2-5, he ignores the litany of cases cited by the government finding that returns identical to his in all relevant respects are not valid "claims for credit or refund" as that term is used in the pertinent statutes and regulations. Mr. Beaudry's only response to the courts' rulings quoted above is that he "believe[s] that any and all judicial opinions, rulings or outcomes appearing in any way to conflict" with his views is "the product of corruption, incompetence, or misunderstanding." Id. at 22. This falls far short of meeting his burden to establish subject matter jurisdiction. Accordingly, the court finds that it lacks subject matter jurisdiction over Mr. Beaudry's refund claim. The government's motion to dismiss should, therefore, be granted.

## Conclusion

Based on the foregoing, the district judge should grant the United States' motion to dismiss (Doc. No. 14) because this

court lacks subject matter jurisdiction over Mr. Beaudry's refund claim.[3]

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

Dated: 8/27/2025

_____
Andrea K. Johnstone
U.S. Magistrate Judge

cc: Brian Beaudry, pro se

---

[3] In light of these findings, the court declines to address the government's Rule 12(b)(6) argument that the complaint fails to state a claim for relief. The court notes, however, that Mr. Beaudry's theories that: 1) the "remunerations" he concedes having received are not "wages"; and (2) that the federal income tax is actually a prohibited excise tax, have been, as the government points out, roundly rejected. See Def. Repl. (Doc. No. 20).